# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

**HENRICO COUNTY SCHOOL BOARD,**

    Plaintiff,

v.                                             Civil Action No.: 3:18-cv-00110-REP

**GREGORY MATTHEWS and**
**TONIE MATTHEWS,**
as parents and next friends of G.M.,

    Defendants.

## MOTION TO QUASH SUBPOENA DUCES TECUM

**COMES NOW**, Sa'ad El-Amin, who is appearing pro se, and moves this Court quash the following paragraphs pertaining to "Documents Requested" and "Tangible Things" contained in the subpoena duces tecum served on him and in support thereof states as follows:

The Court entered an Order on July 23, 2018, which stated in part: (1) Plaintiff is permitted to take any depositions of and subpoena and/or request any documents from Mr. and Mrs. Matthews, Ms. Lucas, Mr. El-Amin, and Ms. Hodges **relating to the Matthews' residency as it pertains to this case.** (Emphasis added)

On or about July 24, 2018, the plaintiff, by and through its counsel served on the undersigned a subpoena duces tecum which requested the following:

### DOCUMENTS REQUESTED

    1. Any documents relating to any communications with or among You, Defendants,
Ms. Lucas, and/or Ms. Hodges concerning the Henrico County Residence.
    2. Any documents relating to any communications with or among You, Defendants,
Ms. Lucas, and/or Ms. Hodges concerning the Providence Forge Residence.

3. Any documents relating to any communications with or among You, Defendants, Ms. Lucas, and/or Ms. Hodges concerning the July 22 Letter.

4. All retainer agreements or any other contract between any of the Defendants on the one hand and Ms. Lucas on the other hand relating to any services performed on Defendants' behalf, whether collectively or individually, since January 1, 2018.

5. All retainer agreements or any other contract between any of the Defendants on the one hand and Ms. Hodges on the other hand relating to any services performed on Defendants' behalf, whether collectively or individually, since January 1, 2018.

6. All retainer agreements or any other contract between any of the Defendants on the one hand and Mr. El-Amin on the other hand relating to any services performed on Defendants' behalf, whether collectively or individually, since January 1, 2018.

7. All documents relating to any invoices, billing statements, and/or payments for any services performed by Ms. Lucas relating to Defendants and/or this Lawsuit since January 1, 2018.

8. All documents relating to any invoices, billing statements, and/or payments for any services performed by Ms. Hodges relating to Defendants and/or this Lawsuit since January 1, 2018.

9. All documents relating to any invoices, billing statements, and/or payments for any services performed by Mr. El-Amin relating to Defendants and/or this Lawsuit since January 1, 2018.

10. All documents in your possession, custody or control relating to any living expenses of any of the Defendants since January 1, 2018, including but not limited to utility bills.

11. Copies of any and all rental agreements, lease agreements, mortgage notes or deeds of trust in your possession, custody or control concerning the Henrico County Residence.

12. Copies of any and all rental agreements, lease agreements, mortgage notes or deeds of trust in your possession, custody or control concerning the Providence Forge Residence.

13. Copies of any and all rental agreements, lease agreements, mortgage notes or deeds of trust in your possession, custody or control concerning any residence in which any of the Defendants have resided for more than a one-week period since January 1, 2018.

14. All documents relating to the "unbearable stress" Defendants contend in the July 22 Letter led Defendants to "consider[] moving to New Kent County."

15. All documents relating to any communications with or among You, Defendants, Ms. Hodges, and/or Ms. Lucas concerning any

change of residence by Defendants, including but not limited to the Providence Forge Residence, since January 1, 2018.

16. All documents relating to any communications with a third party concerning Defendants' decision to consider "moving to New Kent County."

17. Any invoices, bills, statements, receipts or other documents relating to any moving expenses incurred by Defendants, or on behalf of any of the Defendants, since January 1, 2018.

18. All documents relating to any notice to the School Board and/or any employee of the School Board in which anyone reported or attempted to report that Defendants were considering moving out of Henrico County.

19. Copies of any change of address forms relating to Defendants since January 1, 2018.

20. Copies of all text messages on the device(s) associated with the number 804-439-8515 with or among Defendants since January 1, 2018.

21. Copies of all text messages on any device you have used since January 1, 2018, containing any communications with or among You, Defendants, Ms. Hodges, and/or Ms. Lucas since January 1, 2018, concerning the Lawsuit, the Henrico County Residence, the Providence Forge Residence, and/or the matters referenced in the July 22 Letter.

22. All documents relating to any telephone records since January 1, 2018 in Your possession, custody or control.

## TANGIBLE THINGS

In addition to the preceding documents, please make the following available for inspection in accordance with the foregoing definitions and instructions:

1. All electronic devices, including but not limited to cellular telephones, tablets, laptops, or portable computers used to communicate with Defendants (including but not limited to communications with Defendants at the numbers 804-901-1651 and 804-665-3455) concerning the Lawsuit, the Henrico County Residence, the Providence Forge Residence, and/or that contain any portion of the text messages included in the July 22 Letter.

2. All electronic devices, including but not limited to cellular telephones, tablets, laptops, or portable computers used to communicate with Ms. Hodges (including but not limited to communications with Ms. Hodges at the number 804-475-5484) concerning the Lawsuit, the Henrico County Residence, the Providence Forge Residence, and/or that contain any portion of the text messages included in the July 22 Letter.

3

3. All electronic devices, including but not limited to cellular telephones, tablets, laptops, or portable computers used to communicate with Ms. Lucas (including but not limited to communications with Ms. Lucas at the number 804-248-8656) concerning the Lawsuit, the Henrico County Residence, the Providence Forge Residence, and/or that contain any portion of the text messages included in the July 22 Letter.

## Documents Requested to be Quashed

The undersigned, using the same paragraph numbers set forth in the subpoena duces tecum, respectfully requests that the Court quash the following documents requested for the reasons set forth below:

3. Any documents relating to any communications with or among You, Defendants, Ms. Lucas, and/or Ms. Hodges concerning the July 22 Letter.

**Reason: The July 22 Letter is beyond the scope of the Order because it in no way relates or is relevant to "the Matthews' residency as it pertains to this case". Moreover, it is simply a fishing expedition.**

4. All retainer agreements or any other contract between any of the Defendants on the one hand and Ms. Lucas on the other hand relating to any services performed on Defendants' behalf, whether collectively or individually, since January 1, 2018.

**Reason: The undersigned adopts and incorporates by reference the reasons set forth in ¶ 3, above.**

5. All retainer agreements or any other contract between any of the Defendants on the one hand and Ms. Hodges on the other hand relating to any services performed on Defendants' behalf, whether collectively or individually, since January 1, 2018.

**Reason: The undersigned adopts and incorporates by reference the reasons set forth in ¶ 3, above.**

4

6. All retainer agreements or any other contract between any of the Defendants on the one hand and Mr. El-Amin on the other hand relating to any services performed on Defendants' behalf, whether collectively or individually, since January 1, 2018.

**Reason: The undersigned adopts and incorporates by reference the reasons set forth in ¶ 3, above.**

9. All documents relating to any invoices, billing statements, and/or payments for any services performed by Mr. El-Amin relating to Defendants and/or this Lawsuit since January 1, 2018

**Reason: The undersigned adopts and incorporates by reference the reasons set forth in ¶ 3, above.**

14. All documents relating to the "unbearable stress" Defendants contend in the July 22 Letter led Defendants to "considered moving to New Kent County."

**Reason: The undersigned adopts and incorporates by reference the reasons set forth in ¶ 3, above.**

20. Copies of all text messages on the device(s) associated with the number 804-439-8515 with or among Defendants since January 1, 2018.

**Reason: The undersigned adopts and incorporates by reference the reasons set forth in ¶ 3, above.**

21. Copies of all text messages on any device you have used since January 1, 2018, containing any communications with or among You, Defendants, Ms. Hodges, and/or Ms. Lucas since January 1, 2018, concerning the Lawsuit, the Henrico County Residence, the Providence Forge Residence, and/or the matters referenced in the July 22 Letter.

5

Reason: The undersigned adopts and incorporates by reference the reasons set forth in ¶ 3, above.

22. All documents relating to any telephone records since January 1, 2018 in Your possession, custody or control.

Reason: The undersigned adopts and incorporates by reference the reasons set forth in ¶ 3, above.

## Tangible Things Requested to be Quashed

1. All electronic devices, including but not limited to cellular telephones, tablets, laptops, or portable computers used to communicate with Defendants (including but not limited to communications with Defendants at the numbers 804-901-1651 and 804-665-3455) concerning the Lawsuit, the Henrico County Residence, the Providence Forge Residence, and/or that contain any portion of the text messages included in the July 22 Letter.

Reason: The undersigned adopts and incorporates by reference the reasons set forth in ¶ 3, of the Documents Requested, above. In addition, this request is burdensome and would create tremendous inconvenience because the undersigned would be deprived of the electronic devices that he uses daily in pursuing his business. Also, because the undersigned is a direct competitor with the law firm representing the plaintiff and has litigated numerous due process cases where counsel for the plaintiff was counsel of record in those cases, allowing the inspection and trolling of the undersigned's electronic devices would compromise the undersigned's ability to litigate future cases where counsel of record in this case will represent the school district involved in such future cases.

2. All electronic devices, including but not limited to cellular telephones, tablets, laptops, or portable computers used to communicate with Ms. Hodges (including but not limited to communications with Ms. Hodges at the number 804-475-5484) concerning the Lawsuit, the Henrico County Residence, the Providence Forge Residence, and/or that contain any portion of the text messages included in the July 22 Letter.

**Reason: The undersigned adopts and incorporates by reference the reasons set forth in ¶ 1 under Tangible Things, above.**

3. All electronic devices, including but not limited to cellular telephones, tablets, laptops, or portable computers used to communicate with Ms. Lucas (including but not limited to communications with Ms. Lucas at the number 804-248-8656) concerning the Lawsuit, the Henrico County Residence, the Providence Forge Residence, and/or that contain any portion of the text messages included in the July 22 Letter.

**Reason: The undersigned adopts and incorporates by reference the reasons set forth in ¶ 1 under Tangible Things, above.**

**WHEREFORE,** the undersigned respectfully requests that this Court grant this Motion to Quash and award him his time and expenses for having to respond to the Subpoena Duces Tecum because it is so overbroad and beyond the scope of the above Order that it violates Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*Sa'ad El-Amin*
Sa'ad El-Amin

Sa'ad El-Amin, J.D., M.A.
4206 Chamberlayne Ave.
Richmond, VA 23227
804-439-8515

saadelamin@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July 2018, a true and correct copy of the foregoing was served by e-mail on the following:

Gregory Matthews, *pro se*
Tonie Matthews, *pro se*
Toniesllove@gmail.com
Toniesllove@aol.com

Kathleen S, Mehfoud, Esquire
LaRana J. Owens, Esquire
REEDSMIT LLP
kmehfoud@reedsmith.com
lowens@reedsmith.com
Charlotte Peoples Hodges, Esquire
*Biglegal110@verizon.net*

Kandise N. Lucas
Advocates for Equity in Schools
clucasklucas@yahoo.com
justice.4kidz@yahoo.com

*Sa'ad El-Amin*