

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

HENRICO COUNTY PUBLIC SCHOOL BOARD

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　Civil Action No. 3:18-cv-00110-REP

GREGORY MATTHEWS and TONIE MATTHEWS

As parents and next of friends of G.M.,

    Defendants.

## KANDISE N. LUCAS' REPLY TO PLANTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA DUCES TECUM

Comes now Kandise N. Lucas, ("Lucas"), and files this, her pro se reply to the Plantiff's response which was file with the Court on August 1, 2018, (ECF No. 94).

Kandise N. Lucas has provided a signed and notarized affidavit (ECF No. 90), attesting to the fact that she had no knowledge of the Mathews' residency change until July 20, 2018. As of Monday, July 30, 2018, in response to the Court's July 27, 2018 order, (ECF No 88), she has further provided documentation, a total of 144 pages, of "all communications which mention, refer to, relate to, or contain information about the residence(s) of Gregory Matthews or Tonie Matthews, or the child referred to as "G.M." or any change in residence by such persons, beginning with the date of May 1, 2018 through July 27, 2018."

1

In lieu of providing the Plaintiffs with unlimited access to her electronic devices, which contain both personal and highly confidential communications related to the families that she regularly advocates on behalf, Lucas provided copies of the communications required, as was an option noted in the subpoena duces tecum. In all due process cases, past and pending, filed against Henrico County Public Schools, the Reed Smith Law Firm serves as the counsel for Henrico County School Board. The Court allowing the Plaintiff any level of access to Lucas' electronic devices would result in an egregious breach of confidentiality and privacy for hundreds of families and would also result in numerous Family Educational Rights And Privacy Act, "FERPA," and Health Insurance and Accountability Act, "HIPAA" violations involving the families that Kandise N. Lucas consults with, advocates on behalf of, and supports in the filing of due process complaints.

It is apparent in the Plantiff's response that they are attempting to implicate Lucas in an allegation of fraud and concealment of information by claiming that she had prior knowledge of a residency change; continuing to waste the Court's resources to demand documentation that Lucas has sworn, under penalty of perjury, that she does not possess.

Furthermore, in her Motion To Quash, Lucas has thoroughly presented arguments and supporting case law as to why the discovery requested should be limited to what has already been provided. To restate the objections yet again in this reply would be redundant and an inefficient use of the Court's resources and time. As is also documented in Exhibits 1 and 2, counsel for the School Board has unsuccessfully attempted to make this similar argument regarding residency at the administrative level; all in an attempt to delay and deny the provision of FAPE under IDEA as mandated under federal law.

Lucas, respectfully, requests that the Court take judicial note that the Plaintiff and their counsel have routinely engaged in the unethical and disingenuous actions of attacking the parents and

advocates in this matter as a means of distracting the Court from the fundamental issue in this matter, which is whether the Administrative Officer erred in his December 14, 2017 ruling. Lucas strongly and respectfully encourage the Court to bring this matter back to that fundamental issue as it is in the best interest of Gregory Matthews to do so.

Lucas is also submitting the attached exhibits, (1-8), supporting the claims of irrelevance in the residency matter under IDEA, in addition to disproving additional fabricated claims made by the School Board in their response. The Plaintiffs claim that "G.M. received the education of the Defendants' choice for him at Faison Center for Autism and that this education was provided free of charge from late January 2018 through mid-May 2018." Henrico County Public School Special Education Director, Donice Davenport, communicated to the Matthews, on January 24, 2018, (Exhibit 3), that Henrico County Public Schools had initiated the private placement to Faison School For Autism, and was seeking the Parents' consent to secure funding for the private placement at Faison through the Children's Services Act ("CSA"). This contradicts the Plaintiff's claim that Gregory attended Faison "free of charge."

Adam Warman, Director of Administration, Head of School, at The Faison Center, Inc., forwarded an email communication, (Exhibit 4), to Tonie Matthews and carbon copied Kandise Lucas on January 31, 2018, indicating that Faison had proposed the start date for Gregory Matthews, and that he was awaiting a purchase order from Henrico CSA to fund Gregory's private placement at Faison. He also confirmed that Henrico CSA had confirmed receipt of the purchase order request. This further confirms that Henrico County Public Schools understood that Gregory Matthews was not attending Faison "free of charge" from January 2018 through mid-May as the Plaintiffs assert in their response. As of January 31, 2018, there was and continues to be pending purchase orders for Gregory's tuition at Faison that are being held by Henrico CSA and Henrico County Public Schools.

In addition, on February 13, 2018, Ronald Geiersbach, Coordinator of Due Process Services for the Department of Education, forwarded a correspondence, (Exhibit 5), to Henrico County Public School's Director of Special Education, Donice Davenport; and carbon copied former Henrico County Public Schools Division Superintendent Dr. Patrick Kinlaw, Reed Smith Attorney Kathleen Mehfoud, and Mr. and Mrs. Gregory. In the correspondence. Mr. Geiersbach issues the directive stating that:

> "...the school division *must* (emphasis added) provide the compensatory education that has been ordered by the hearing officer in December of 2017. It is my understanding that the hearing officer ordered one year of attendance at Faison School as compensatory education for the denial of FAPE in the 2016 proposed IEP's. Please provide a statement explaining the status of the compensatory education that was ordered in the December 2017 decision of the hearing officer."

This directive issued by Mr. Geiersbach on behalf of the Virginia Department of Education negates the Plantiff's claim, in their response, that Gregory "received the education of the Defendants' choice for him at Faison Center for Autism." It is an undisputed fact that the Parents, Ms. Davenport, and Mr. Warham were acting collaboratively in an effort to implement the Administrative Officer's December 14, 2017 order within the forty-five day timeframe that was mandated. While the district filed an "Implementation Plan" on January 31, 2018, which was signed by former Henrico County Public School Division Superintendent Patrick Kinlaw (Exhibit 5-3 and 5-4), the district never complied with the directive from Mr. Geiersbach in the February 13, 2018 correspondence, in which he mandated that the district provide compensatory services for one year at Faison for Gregory Matthews.

Lucas also requests that the Court take judicial note that on May 24, 2018, Henrico County Manager, John Vithoulkas, and Henrico County Board of Supervisor for the Varina District, Tyrone Nelson, made every effort to ensure that the tuition payment to Faison, on behalf of Gregory Matthews,

4

was issued; however, they were prevented from issuing the payment by Henrico County Public Schools when the district refused to check the box for private placement on Gregory Matthew's individualized educational plan. (Exhibit 6)

In closing, Kandise N. Lucas reaffirms all arguments presented in the Motion To Quash, and prayerfully requests the intervention of the Court to affirm that she is not on trial in this matter, and should no longer be subjected to continued irrelevant motions. Lucas has committed considerable time, effort, and expense in responding to the Plaintiff's motions; taking away from her daily business operations and personal obligations. Lucas has fully cooperated in the scheduling of depositions with minimal notification. (Exhibits 7 and 8) Lucas, who is not a party to this action, also requests that the Court award her all costs, (research and response time, commuting to the Court for filings, parking, printing, copying, etc.), associated with responding to the numerous motions filed by the School Board against her for the sole purpose of initiating a "fishing expedition" to harass and retaliate against her, in her role as advocate to the family; in contravention of 42 U.S.C. 12203.

Respectfully Submitted,

Kandise N. Lucas, Pro Se
Advocates For Equity In Schools
4206 Chamberlayne Ave
Richmond, VA 23228
804-248-8656
clucasklucas@yahoo.com

## CERTIFICATION OF SERVICE

I certify that a copy of this "REPLY TO PLANTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA DUCES TECUM," has been emailed to the following parties on August 2, 2018:

1) Toni and Greg Matthews, Parents, matthewsx5th@yahoo.com
2) Kathleen Mehfoud, Attorney For School Board, KMehfoud@ReedSmith.com

Respectfully,

Kandise N. Lucas