```
IN THE UNITED STATES DISTRICT COURT
  FOR THE EASTERN DISTRICT OF VIRGINIA
            Richmond Division
```

HENRICO COUNTY SCHOOL BOARD,

    Plaintiff,

v.                                    Civil Action No. 3:18-cv-110

GREGORY MATTHEWS,
et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on SA'AD EL-AMIN'S MOTION FOR SANCTIONS (ECF No. 164) (the "Motion"). The Court has reviewed the supporting, opposing, and reply memoranda, and argument was heard on April 29, 2019. For the following reasons, the Motion will be denied.

## BACKGROUND

This case is an appeal by the Henrico County School Board (the "School Board") from an adverse ruling by an administrative hearing officer in a so-called "due process" hearing brought under the Individuals with Disabilities Education Act ("IDEA") by Tonie and Gregory Matthews (the "Matthews") on behalf of their son, G.M. The administrative hearing officer held that the School Board failed to provide G.M. a free appropriate public education ("FAPE") and awarded G.M. private school placement as a compensatory service for the School Board's failure.

Sa-ad El-Amin is a non-party to this case. He previously was an "advocate," along with Kandise Lucas, in the due process hearing brought by the Matthews under IDEA. He is a disbarred lawyer, and thus may neither practice law nor give legal advice. However, advocates, like El-Amin, can provide assistance in special education due process hearings under 20 U.S.C. § 1414(d)(1)(B)(vi) of IDEA (which provides that members of the child's "individualized education program team" can include "individuals who have knowledge or special expertise regarding the child, including related services personnel as appropriate") and Va. Code Ann. § 22.1-214 (which says "parents . . . shall have the right to be represented by legal counsel or other representative before such hearing officer[s]."). Representation in those hearings by advocates does not constitute the practice of law because the text of Va. Code Ann. § 22.1-214 makes representation in these hearings an explicit exception to the general rule that persons not authorized as attorneys cannot practice law. See id.; Va. Code Ann. § 54.1-3904. Neither IDEA nor Virginia law authorizes these advocates to represent the parents once the matter is appealed to federal court. See 20 U.S.C. § 1414(d)(1)(B)(vi) (stating that an individual who has knowledge or special expertise regarding the child can be part of the individualized education program team, but nowhere saying that advocates can represent the parents after they are represented by legal counsel); Va. Code Ann. § 22.1-214

2

(stating that acting as an advocate in a due process hearing is an exception to Virginia's law against the unauthorized practice of law). Further, only licensed lawyers admitted to practice may represent a party to a case that is filed in this Court. Local Civil Rule 83.1(A), (B), (D), (F), (H).

During the course of this case, the parties were required to meet with a Magistrate Judge to discuss settlement. That occurred on July 20, 2018. During the settlement conference, indeed, well into it and after many substantive agreements had been reached, it was disclosed that, during the pendency of the case, the Matthews and G.M. had relocated from Henrico County to New Kent County and that New Kent County was to provide G.M. with an education at the Faison School. The Matthews signed a lease for the New Kent property on March 13, 2018, started to move as early as May, and finished the move by mid-May.

The settlement talks immediately collapsed because the School Board considered that, under IDEA, it no longer was obligated to provide a FAPE to G.M. for the reason that he was no longer a resident of Henrico County. Thereafter, upon agreement of the parties, by counsel, the case was dismissed as moot. The School Board then moved for sanctions against the Matthews, Lucas, and El-Amin. After the Court denied the School Board's motion for sanctions against El-Amin, he filed the pending Motion against the School Board as well as against Reed Smith LLP, the School Board's

law firm, and against Kathleen Mehfoud, Alison Toepp, and LaRana Owens, lawyers who work at Reed Smith.

**DISCUSSION**

In the Motion, El-Amin raises two arguments for why the School Board should be sanctioned. First, he argues that the School Board knew that its argument that the Matthews' move out of Henrico County mooted the case was a "bogus argument." Second, he says that the School Board "filed a completely groundless sanction's [sic] motion against [him]." ECF No. 165 at 4. As discussed below, neither argument has merit.

### 1. The Allegedly "Bogus Argument"

The "bogus argument" that El-Amin refers to is the School Board's position that it no longer had to provide a FAPE, which is a requirement for all public schools under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq., because the Matthews' moved from Henrico County to New Kent County sometime in May 2018. That fact was not made known to the Court and was not acknowledged by the Matthews to the School Board until well into the settlement conference on July 20, 2018.

On December 4, 2018, the Court held a hearing on the School Board's sanctions motion. During that hearing, the Court asked the parties whether the underlying case was moot, based upon the School Board's contention that it was in its briefing related to its motion for sanctions and its motion for judgment. MEMORANDUM

4

IN SUPPORT OF HENRICO COUNTY SCHOOL BOARD'S MOTION FOR SANCTIONS (ECF No, 130) at 3; MEMORANDUM IN SUPPORT OF HENRICO COUNTY SCHOOL BOARD'S MOTION FOR JUDGMENT (ECF No. 132) at 3. The parties agreed that the case was indeed moot. Afterward, the Court entered an ORDER dated December 14, 2018 (ECF No. 159) dismissing the case as moot.

El-Amin argues that the fact of the move does not alter the obligation of the School Board to pay for G.M.'s attendance at the Faison School, pointing to cases that do not apply here. And, he says the School Board should be sanctioned for arguing to the contrary, even though, as previously stated, all parties agreed that the move made the case moot. El-Amin was not a party and has no standing to argue otherwise, much less to ask for sanctions. Thus, his sanctions motion on this theory will be denied.

**2. The Allegedly "Completely Groundless" Sanctions Motion**

El-Amin's claim for sanctions against the School Board arises from the fact that, in October 2018, the School Board filed HENRICO COUNTY SCHOOL BOARD'S MOTION FOR SANCTIONS (ECF No. 129) against El-Amin, among others. Therein, the School Board acknowledged that El-Amin knew nothing about the Matthews change of residency. MEMORANDUM IN SUPPORT OF HENRICO COUNTY SCHOOL BOARD'S MOTION FOR SANCTIONS (ECF No. 130) at 2 n.3. And, although the School Board sought sanctions against the Matthews and Lucas because they knew of, but did not disclose, the move, the School Board did not seek

5

sanctions against El-Amin on that ground. However, the School Board argued that El-Amin nevertheless should be sanctioned because (1) he submitted billing statements that were unreliable or fraudulent; and (2) he prepared a letter that he knew was to be filed with the Court on behalf of the Matthews in violation of Local Civil Rule 83.1(H), by committing the unauthorized practice of law. Id. The School Board argued that El-Amin drafted these letters while knowing that he could not do so because he is not licensed to practice law. Id. at 11.

During the hearing on December 4, 2018, the Court decided not to sanction El-Amin. But, the Court noted that El-Amin is not a practicing lawyer and that his conduct in this case, while not sanctionable, was not faultless. Because the Court did not sanction El-Amin, he now argues that the School Board's sanctions motion was "completely groundless." But that is not so. As discussed further below, the School Board had a good-faith basis for moving for sanctions for El-Amin's conduct in this case, even though the Court ultimately decided not to sanction him.

### 3. El-Amin's Sanctions Motion

In his briefing, El-Amin asks for sanctions under Fed. R. Civ. P. 11, E.D. Va. Local Civil Rule 83.1, this Court's inherent authority, and 28 U.S.C. § 1927. Each theory will be assessed in turn.

6

### (a) Fed. R. Civ. P. 11

El-Amin originally sought sanctions under Fed. R. Civ. P. 11, but he abandoned that argument in his reply brief, acknowledging that he does not have a claim under that rule. SA'AD EL-AMIN'S RESPONSE TO HENRICO COUNTY SCHOOL BOARD'S AND ITS COUNSEL'S OPPOSITION TO MOTION FOR SANCTION (ECF No. 175) at 1.

### (b) E.D. Va. Local Civil Rule 83.1

El-Amin's claim for sanctions under E.D. Va. Local Civil Rule 83.1 is meritless, as El-Amin himself seemed to concede at oral argument. E.D. Va. Local Civil Rule 83.1 covers certain conduct by attorneys and pro se parties. It does not apply to the School Board. El-Amin does not make any allegation against Reed Smith or the lawyers who work at Reed Smith that violates this rule. El-Amin does not allege that anyone from Reed Smith practiced while disbarred or suspended, which would violate E.D. Va. Local Civil Rule 83.1(H), or that anyone ghostwrote for a party, which would violate E.D. Va. Local Civil Rule 83.1(M). None of the other parts of the rule apply. Thus, neither the School Board nor its attorneys (the firm or the individual lawyers) can be sanctioned under E.D. Va. Local Civil Rule 83.1.

### (c) The Inherent Power

The Court, of course, is vested with an inherent power to sanction, but that power must be exercised "with restraint and

discretion," and attorney's fees should be imposed only "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); see also In re Crescent City Estates, LLC, 588 F.3d 822, 831 (4th Cir. 2009) (saying that the court's inherent powers "permit awards of attorneys' fees against attorneys whose actions compromise standards of professional integrity and competence"). Although the Court's inherent powers can be used for every type of litigation misconduct, it should not be used unless there is some misconduct that is "more egregious than that required for other types of sanctions." Sanford v. Commonwealth of Virginia, 689 F. Supp. 2d 802, 813 (E.D. Va. 2010), overruled on other grounds McKenzie v. Norfolk S. Ry. Co., 497 F. App'x 305, 312 (4th Cir. 2012).

Here, neither the School Board nor its lawyers have acted in bad faith, much less in an egregious manner. In its sanctions motion, the School Board argued that El-Amin had submitted inaccurate billing statements that would be relied on by the magistrate judge and that he ghostwrote a letter submitted to the Court purported to be written by the Matthews. ECF No. 130 at 2 n.3. El-Amin admitted that the billing statements were inaccurate and unreliable. So, quite clearly, the School Board did nothing wrong in seeking to have him sanctioned for submitting these known

8

inaccurate bills to be used in a court-ordered settlement conference.

El-Amin admittedly wrote the letter for the Matthews by which they advised Hodges and the Court that the Matthews had terminated Hodges' service as their lawyer in this case. Although the Court concluded that El-Amin's conduct was not the unauthorized practice of law, that does not mean that, in contending otherwise, the School Board act vexatiously or wantonly or in bad faith when it sought sanctions against El-Amin. And, indeed, the Court may have erred in denying the School Board's motion to sanction El-Amin because, as shown only recently, El-Amin's signature line bears the title "JD," which could be construed to mean that El-Amin representing himself as a licensed lawyer. Thus, there is no reason to sanction the School Board or its attorneys under the inherent powers of the Court.

### (d) 28 U.S.C. § 1927

Finally, sanctions under 28 U.S.C. § 1927 are not warranted. 28 U.S.C. § 1927 states,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof <u>who so multiplies the proceedings in any case unreasonably and vexatiously</u> may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

<u>Id.</u> (emphasis added). As explained above, Reed Smith's motion for sanctions had a proper basis, and Reed Smith in no way multiplied

the proceedings in an "unreasonable" or "vexatious" manner. El-Amin has presented nothing that shows the Court otherwise. Indeed, his Motion merely quotes Section 1927 without tying it to the facts of the case. Thus, the Court will not sanction the School Board, Reed Smith, or any Reed Smith attorneys under Section 1927.

### (e) Costs And Fees

As a final point, El-Amin has shown no legal basis upon which he would be entitled to an award of costs and fees in this case. He is not an attorney and thus he has no right to any attorney fees. He has pointed to no authority in which a non-party advocate under IDEA has been granted fees for serving as an advocate in a due process hearing under IDEA.

### CONCLUSION

For the foregoing reasons, the SA-AD EL'AMIN'S MOTION FOR SANCTIONS (ECF No. 164) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 20, 2019

10