IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HENRICO COUNTY SCHOOL BOARD,

    Plaintiff,

v.                                              Civil Action No. 3:18-cv-110

GREGORY MATTHEWS,
et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on ATTORNEY CHARLOTTE P. HODGES MOTION FOR DEFENDANT'S [sic] ATTORNEY'S FEES & COSTS (ECF No. 173). The Court has reviewed the supporting, opposing, and reply memoranda, and argument was heard on April 29, 2019. For the following reasons, ATTORNEY CHARLOTTE P. HODGES MOTION FOR DEFENDANT'S [sic] ATTORNEY'S FEES & COSTS (ECF No. 173) will be denied.

**BACKGROUND**

This case is an appeal of a due process hearing in which Defendants Tonie and Gregory Matthews (the "Matthews") claimed that Plaintiff Henrico County School Board (the "School Board") was not providing their autistic son, G.M., a free appropriate public education ("FAPE"), which is a requirement for all public schools under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. The Matthews were not

1

satisfied with G.M.'s progress under the School Board's program, so they initiated a due process hearing under IDEA. They sought the help of two so-called "advocates," Kandise Lucas and Sa'ad El-Amin, to advocate for private placement with the Faison School, a school that specializes in educational programming for students with autism.[1] The administrative hearing officer who presided over the due process hearing agreed with the Matthews, holding that the School Board failed to provide G.M. a FAPE and awarding G.M. private school placement as a compensatory service for the School Board's failure.

---

[1] An "advocate" can provide assistance in special education due process hearings under 20 U.S.C. § 1414(d)(1)(B)(vi) of IDEA (which provides that members of the child's "individualized education program team" can include "individuals who have knowledge or special expertise regarding the child, including related services personnel as appropriate") and Va. Code Ann. § 22.1-214 (which says "parents . . . shall have the right to be represented by legal counsel or other representative before such hearing officer[s]."). Representation in due process hearings by advocates does not constitute the practice of law because the text of Va. Code Ann. § 22.1-214 makes representation in these hearings an explicit exception to the general rule that persons not authorized as attorneys cannot practice law. See id.; Va. Code Ann. § 54.1-3904. Neither IDEA nor Virginia law authorizes these advocates to represent the parents once the matter is appealed to federal court. See 20 U.S.C. § 1414(d)(1)(B)(vi) (stating that an individual who has knowledge or special expertise regarding the child can be part of the individualized education program team, but nowhere saying that advocates can represent the parents after they are represented by legal counsel); Va. Code Ann. § 22.1-214 (stating that acting as an advocate in a due process hearing is an exception to Virginia's law against the unauthorized practice of law). Further, only licensed lawyers admitted to practice may represent a party to a case that is filed in this Court. Local Civil Rule 83.1(A), (B), (D), (F), (H).

As permitted by IDEA, the School Board filed this action against the Matthews, appealing the administrative hearing officer's decision. The Matthews retained Charlotte Hodges to be their counsel in this case, and Hodges noted her appearance on March 15, 2018. NOTICE OF APPEARANCE (ECF No. 9). While representing the Matthews, Hodges filed various motions, including a motion for preliminary injunction and a motion to dismiss. Hodges also represented the Matthews as they prepared for, and participated in, a settlement conference.

On July 20, 2018, during a settlement conference with Magistrate Judge Young, it was brought to the Court's attention that the Matthews had moved from Henrico County to New Kent County. Hodges represented the Matthews until July 23, 2018 when the Court allowed the Matthews to terminate her services. ORDER (ECF No. 77). The Matthews retained new counsel (Michael B. Gunlicks) shortly thereafter. The Court allowed the School Board to take any depositions of, and to subpoena any documents from, the Matthews, Lucas, El-Amin, and Hodges related to the change in residence by the Matthews. ORDER (ECF No. 79).

Discovery disclosed that, on March 13, 2018, the Matthews signed a lease for their New Kent residence; that, in early May, they began the process of moving to the New Kent residence; and that the move was completed in mid-May. Discovery also disclosed that the Matthews discussed with Lucas and Hodges, the subject of

3

a move to New Kent County.[2] Discovery also showed that, by December 2018, the Matthews had arranged for New Kent County to provide funding for G.M. to attend Faison School.

After the completion of discovery about the move to New Kent County, the School Board filed HENRICO COUNTY SCHOOL BOARD'S MOTION FOR SANCTIONS (ECF No. 129) against Hodges, among others.[3] The School Board alleged that Hodges violated Rule 11 for signing DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION AND PENDENTE LITE RELIEF (ECF No. 23) (which was signed by Hodges after the Matthews had moved to New Kent County) without investigating whether the Matthews had moved to New Kent County after Hodges was on notice of the possibility that the Matthews would be moving to New Kent County. The School Board also argued that Hodges should be sanctioned under the Court's "inherent powers" for never disclosing that the Matthews had moved to New Kent County. See generally MEMORANDUM IN SUPPORT OF HENRICO COUNTY SCHOOL BOARD'S MOTION FOR SANCTIONS (ECF No. 130). That motion was heard on December 4, 2018. At that hearing, Hodges was represented by Brenda Page. The Court decided not to sanction Hodges under either theory because the evidence did not show that she knew of the

---

[2] For purposes of this Memorandum Opinion, it is not necessary to decide the details and dates of those discussions. That, however, must be done in connection with other pending motions.

[3] The discovery and briefing on the sanctions issues was delayed because of medical situation involving the Matthews' new counsel.

4

Matthews' move, when she made filings in this case. Further, the Court found that the Matthews' conduct, in having meetings away from their home and in making a request to have G.M. picked up from Tonie Matthews' work instead of her home, made it understandable that Hodges did not know that the Matthews had moved.

At that same hearing, the Court asked the parties whether the underlying case was moot. The parties (the School Board and the Matthews), by counsel, agreed that the underlying case was moot and that the School Board no longer was obliged to help pay for G.M.'s Faison placement under the IDEA. Afterward, the Court entered an ORDER dated December 14, 2018 (ECF No. 159) dismissing the case as moot, but retaining jurisdiction over the sanctions issues.

Hodges then filed ATTORNEY CHARLOTTE P. HODGES MOTION FOR DEFENDANT'S [sic] ATTORNEY'S FEES & COSTS (ECF No. 173), asking for attorney's fees and costs in the sum of $90,172.25. However, during the hearing on April 29, 2019, Hodges conceded that the case became moot in May 2018, so she agreed that she is owed no more than $28,771.10 in attorney's fees and $223.75 in costs.

## DISCUSSION

In her motion, Hodges argues that, because the administrative hearing officer determined that Henrico County had denied G.M. a FAPE, and because G.M. was enrolled at Faison School (at the Faison

5

School's expense) while he resided in Henrico, Hodges is entitled to attorney's fees because the Matthews "clearly substantially prevailed in their Due Process Complaint." MEMORANDUM IN SUPPORT OF ATTORNEY CHARLOTTE P. HODGES MOTION FOR DEFENDANT'S [sic] ATTORNEY'S FEES & COSTS (ECF No. 174) at 2-3.

Hodges' claim for attorney's fees fails because the request does not comply with the statute's plain language. The statute provides:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—[] to a prevailing party who is the parent of a child with a disability.

20 U.S.C. § 1415(i)(3)(B)(i)(I). Because Hodges does not represent the Matthews, and because the Matthews have not moved for attorney's fees, the School Board argues that Hodges is not entitled to attorney's fees. MEMORANDUM OF THE HENRICO COUNTY SCHOOL BOARD IN OPPOSITION TO CHARLOTTE HODGES' MOTION FOR DEFENDANT'S [sic] ATTORNEY'S FEES & COSTS (ECF No. 178) at 8-9. Hodges replies that she "has standing to assert this claim because the controversy directly affects her as the attorney who would be entitled to the fees awarded to the defendants" and that she "has consulted with defendant's [sic] current counsel and defendants support this Motion for Attorney Fees filed by Attorney Hodges." CHARLOTTE P. HODGES' REPLY TO PLAINTIFF'S RESPONSE/OPPOSITION TO MOTION FOR ATTORNEYS' [sic] FEES (ECF No. 188).

6

The School Board is correct that Hodges cannot assert a claim for attorney's fees. Because she is not "a prevailing party who is the parent of a child with a disability," and because she does not currently represent the Matthews, Hodges cannot seek fees on their behalf. Hodges fails to cite authority or point to an analogous situation in which an attorney received fees under 20 U.S.C. § 1415 (or any other statute with similar "prevailing party" language for that matter) when that attorney does not represent the parents of a child with a disability in a case against a school board and is seeking a fee award on her own behalf.

Further, the Court finds a case cited by the School Board, <u>Catharine W. v. Sch. Bd. Of City of Virginia Beach</u>, No. 2:17-cv-645, 2018 WL 4474688 (E.D. Va. Sept. 4, 2018), to be instructive here. There, when examining Section 504 of the Rehabilitation Act of 1973 (a separate but related statute that provides that disabled individuals shall not be excluded from or discriminated by any program or activity receiving federal funding), the Court noted that "courts have held, in cases involving other 'prevailing party' fee recovery statutes, that the right to claim fees belongs to the prevailing party, not the attorney who generated the fees." <u>Id.</u> at 3 n.7; see also <u>Stephens ex rel. R.E. v. Astrue</u>, 565 F.3d 131, 139 (4th Cir. 2009) (stating, in the Social Security context, that "the plain language of the [statute] provides that attorney's fees

are payable to the prevailing party—in this case the Social Security claimants—and not the attorney").

The plain language of Section 1415(i)(3)(B)(i)(I) applies only to requests by "the parent[s] of a child with a disability" who are "prevailing part[ies]." Hodges' motion for attorney's fees cannot be granted because she is not representing "the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I).

That is not changed by Hodges' representation at oral argument that the Matthews and their new attorney, Michael Gunlicks, agree with what she is doing. That is so because the statute only allows a "parent of a child with a disability" who is a prevailing party to be awarded reasonable attorney's fees. As a matter of statutory construction, the right does not extend to a former attorney. C.f. CGM, LLC v. BellSouth Telecommunications, Inc., 664 F.3d 46, 52 (4th Cir. 2011) (discussing statutory standing and stating that the key question is "whether Congress intended to confer standing on a litigant . . . to bring an action under [the statute at issue]" (alteration in original) (quoting Washington-Dulles Transp., Ltd. v. Metro. Washington Airports Auth., 263 F.3d 371, 377 (4th Cir. 2001))).[4]

---

[4] Because the Matthews have not moved for an award of attorney's fees, it is not necessary to decide whether they qualify for prevailing party status under IDEA.

## CONCLUSION

For the foregoing reasons, ATTORNEY CHARLOTTE P. HODGES MOTION FOR DEFENDANT'S [sic] ATTORNEY'S FEES & COSTS (ECF No. 173) will be denied.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May __, 2019