

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HENRICO COUNTY SCHOOL BOARD,

    Plaintiff,

v.                                      Civil Action No. 3:18-cv-110

GREGORY MATTHEWS,
et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on SA'AD EL-AMIN'S MOTION TO ALTER OR AMEND JUDGMENT (ECF No. 212). The Court has reviewed the supporting, opposing, and reply memoranda. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the following reasons, SA'AD EL-AMIN'S MOTION TO ALTER OR AMEND JUDGMENT (ECF No. 212) will be denied.

**BACKGROUND**

**A.   Factual Background**

This case is an appeal of a due process hearing in which the Matthews claimed that Plaintiff Henrico County School Board (the "School Board") was not providing their autistic son, G.M., a free appropriate public education ("FAPE"), which is a requirement for all public schools under the Individuals with Disabilities

1

Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. The Matthews were not satisfied with G.M.'s progress under the School Board's program, so they initiated a due process hearing under IDEA. The administrative hearing officer who presided over the due process hearing agreed with the Matthews, holding that the School Board failed to provide G.M. a FAPE and awarding G.M. private school placement as a compensatory service for the School Board's failure. After that hearing officer's decision, the Faison School allowed G.M. to attend for free, which he did from January 28, 2018 to May 11, 2018. The School Board never paid for G.M. to attend Faison.

Sa-ad El-Amin ("El-Amin") is a non-party to this case. He previously was an "advocate," along with Kandise Lucas ("Lucas"), in the due process hearing brought by the Matthews under IDEA. He is a disbarred lawyer, and thus may neither practice law nor give legal advice. However, advocates can provide assistance in special education due process hearings under 20 U.S.C. § 1414(d)(1)(B)(vi) of IDEA (which provides that members of the child's "individualized education program team" can include "individuals who have knowledge or special expertise regarding the child, including related services personnel as appropriate") and Va. Code Ann. § 22.1-214 (which says "parents . . . shall have the right to be represented by legal counsel or other representative before such hearing officer[s]."). Representation in those hearings by advocates does not constitute the practice of law because the text

2

of Va. Code Ann. § 22.1-214 makes representation in these hearings an explicit exception to the general rule that persons not authorized as attorneys cannot practice law. See id.; Va. Code Ann. § 54.1-3904. Neither IDEA nor Virginia law authorizes these advocates to represent the parents once the matter is appealed to federal court. See 20 U.S.C. § 1414(d)(1)(B)(vi) (stating that an individual who has knowledge or special expertise regarding the child can be part of the individualized education program team, but nowhere saying that advocates can represent the parents after they are represented by legal counsel); Va. Code Ann. § 22.1-214 (stating that acting as an advocate in a due process hearing is an exception to Virginia's law against the unauthorized practice of law). Further, only licensed lawyers admitted to practice may represent a party to a case that is filed in this Court. Local Civil Rule 83.1(A), (B), (D), (F), (H).

During the course of this case, the parties were required to meet with Magistrate Judge Roderick C. Young to discuss settlement. That occurred on July 20, 2018. During the settlement conference, indeed, well into it and after many substantive agreements had been reached, it was disclosed that, during the pendency of the case, the Matthews and G.M. had relocated from Henrico County to New Kent County and that New Kent County was to provide G.M. with an education at the Faison School. The Matthews signed a lease

for the New Kent property on March 13, 2018, started to move as early as May, and finished the move by mid-May.

The settlement talks immediately collapsed because the School Board considered that, under IDEA, it no longer was obligated to provide a FAPE to G.M. for the reason that he was no longer a resident of Henrico County. Thereafter, upon agreement of the parties, by counsel, the case was dismissed as moot. The School Board then moved for sanctions against the Matthews, Lucas, and El-Amin. After the Court denied the School Board's motion for sanctions against El-Amin, he filed the pending Motion against the School Board as well as against Reed Smith LLP, the School Board's law firm, and against Kathleen Mehfoud, Alison Toepp, and LaRana Owens, lawyers who work at Reed Smith.

In response to the revelation regarding the move, the Court allowed the School Board to conduct limited discovery and to file any motions related to this revelation that were necessary for the Court to consider. The Court allowed the School Board to take depositions of, and to subpoena any documents from, the Matthews, Lucas, El-Amin, and Hodges related to the change in residence by the Matthews. ORDER dated July 23, 2018 (ECF No. 79).

After the completion of discovery about the move to New Kent County, the School Board filed HENRICO COUNTY SCHOOL BOARD'S MOTION FOR SANCTIONS (ECF No. 129) against El-Amin, among others. The Court heard that motion on December 4, 2018, and the Court held

4

that El-Amin would not be sanctioned. December 4, 2018 Tr. (ECF No. 163) at 111.

B. **Procedural Background Of This Motion**

El-Amin filed SA'AD EL-AMIN'S MOTION FOR SANCTIONS (ECF No. 164). The Court reviewed the supporting, opposing, and reply memoranda, and argument was heard on April 29, 2019. Afterward, the Court denied the motion. See Memorandum Opinion (ECF No. 203) at 1. The Court held: (1) the School Board's argument that the Matthews' move out of Henrico County mooted the case was not a "bogus argument" as El-Amin alleged (indeed, all parties agreed the case was moot); and (2) the School Board's motion for sanctions against El-Amin was not "completely groundless" because the School Board had a good-faith basis for seeking sanctions against him. See generally id.

Afterward, El-Amin filed SA'AD EL-AMIN'S MOTION TO ALTER OR AMEND JUDGMENT (ECF No. 212). The School Board responded, and El-Amin replied.

**DISCUSSION**

El-Amin asks the Court to alter the judgment under Fed. R. Civ. P. 59(e). Granting a motion to amend a judgment is an extraordinary remedy that is sparingly used. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Motions under Rule 59 are not used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to

entry of judgment,' or 'if it would serve no useful purpose.'" Bolls v. Street, No. 3:10-cv-550, 2010 WL 5211481, at *1 (E.D. Va. Dec. 16, 2010) (quoting Sun Yung Lee v. ZOM Clarendon, L.P., 665 F. Supp. 2d 603, 616 (E.D. Va. 2009)), aff'd, 417 F. App'x 313 (4th Cir. 2011). "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). The only possible basis for relief here is the "clear error" standard.

El-Amin's arguments boil down to nothing more than relitigating the issues already presented to the Court. He argues that the Court clearly erred by not granting his sanctions motion and by holding that the School Board's motion for sanctions was not meritless. See SA'AD EL-AMIN'S MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT (ECF No. 213) at 2-4. But, there was a basis for sanctions contained in the School Board's sanction motions even though the Court ultimately ruled that El-Amin should not be sanction, a fact about which he appears to be ungrateful. Further, he argues that the Court clearly erred by stating that the Court "may have erred in denying the School Board's motion to

6

sanction El-Amin" because El-Amin uses the title "JD" in his signature line. Id. at 2-4. But he provides no citation or legal support for why the Court's statement was a clear error when it is possible that his use of "JD" could be confusing to non-lawyers who might think he has the ability to practice law in Virginia, especially considering that, in the letterhead, he calls his business "SLC Associates" and refers to it as a "firm." See Sa'ad El-Amin Letter (ECF No. 213-1). Even though the School Board did not raise this issue in its original motion for sanctions, that usage could have been brought as a basis for sanctions and was, therefore, not a clear error by the Court. And, upon further reflection, the use of the term "JD", and the related reference to "SLC Associates" as a firm by a disbarred lawyer could be construed as practicing law without a license. It then was not error for the Court to have made the reference about which El-Amin complains.

Accordingly, because El-Amin has failed to identify a "clear error" of law, the judgment will not be altered under Fed. R. Civ. P. 59(e).

## CONCLUSION

For the foregoing reasons, SA'AD EL-AMIN'S MOTION TO ALTER OR AMEND JUDGMENT (ECF No. 212) will be denied.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 26, 2019

8